UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL WARE,

               Plaintiff,               Case No. 2:07-cv-195

v.                                                    Honorable R. Allan Edgar

BARBARA SAMPSON et al.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e©. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

On July 17, 2004, Plaintiff was sentenced in the Kent County Circuit Court to a term of incarceration of one to ten years for sexual assault. Plaintiff is presently incarcerated at the Ojibway Correctional Facility. Since his incarceration, Plaintiff has been denied parole four times: September 13, 2004; August 25, 2005; August 23, 2006; and July 9, 2007. Plaintiff alleges that in each instance, parole board members relied on misinformation regarding the nature of his offense of conviction, and that he was never permitted to present evidence correcting the misinformation or demonstrating his accomplishments while incarcerated.

He brings this suit against the following members of the Michigan Parole Board: Barbara Sampson, Marianne Samper, Charles E. Braddock, Stephen DeBoer, James Atterberry, and George Letts. Plaintiff claims that Defendants violated state law and his right to procedural and substantive due process under the United States Constitution. He seeks a new parole interview and an injunction prohibiting Defendants from violating state law, relying on false information, and permitting Defendants DeBoer and Sampson from participating in any of Plaintiff's future parole interviews.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his due process rights were violated when Defendants relied on false information to deny him parole, and refused to allow him to present evidence to refute the false information. He fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069,

at *1 (6th Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake.  Because Plaintiff has no liberty interest at stake, I conclude that he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65; *and see Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275 at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550 at *2 (6th Cir. Sept. 17, 2004 (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole).

Plaintiff further claims that Defendants violated his substantive due process rights by their arbitrary and capricious denials of parole.  Until Plaintiff has served his ten-year maximum sentence, he has no reasonable expectation of liberty.  In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of parole generally states no federal claim.  *See Haynes v. Hudson*, No. 89-2006, 1990 WL 41025 at *1 (6th Cir. Apr. 10, 1990).  Although substantive due

process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, religion, or political beliefs, or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir. 1980), Petitioner does not present any such allegations here. *See Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002) (considering substantive due process claim in context of parole). In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Plaintiff r must show that the Parole Board's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Hampton v. Hobbs,* 106 F.3d 1281, 1288 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995). Plaintiff was sentenced to a term of incarceration after pleading guilty to assault with intent to commit sexual penetration, MICH. COMP. LAWS § 750.520G1. In light of Plaintiff's criminal history, the Michigan Parole Board's decision cannot reasonably be considered to either shock the conscience or interfere with rights implicit in the concept of ordered liberty. Consequently, I conclude that Plaintiff has failed to assert a substantive due process claim.

Plaintiff finally claims that Defendants violated state laws that govern the parole process. Title 42, section 1983 provides remedies for violations of federal law, not state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Thus, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under section 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). The United States Supreme Court and the Sixth Circuit have stated that when a district court dismisses all federal claims, the court should generally decline to exercise supplemental jurisdiction over state law claims. *United Mine Workers of Am. v. Gibbs,* 383 US 715, 726 ("if the federal claims are dismissed before trial . . . the state claims should be

dismissed as well."); *Weeks v. Portage County Executive Offices*, 235 F. 3d 275, 279-80 (6th Cir. 2000); *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir.1992); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(C).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 11, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).